845



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*(handwritten notes in upper right)*
Lee WW-1442
oa there is... in so far
O-7323
conflict

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4798
Re: Whether a superintendent of
an independent school district
may serve as tax assessor-
collector for that school
district.

In your letter of October 22, 1942, you request
our opinion on the following submitted question:

"Is it legal for a superintendent of an
independent school district to serve as tax
assessor-collector for that school district?"

Section 40 of Article XVI of the Constitution of
Texas provides, in part, as follows:

"No person shall hold or exercise at the
same time, more than one civil office of em-
olument. . . ."

Various exceptions immaterial here are provided for in the
article.

Article 2781, Vernon's Annotated Civil Statutes,
authorizes the board of trustees of an independent district
to employ a school superintendent. Said statute provides
as follows:

"The Board of Trustees of any city or
town or any independent school district may
employ a superintendent, principal, teacher,

Honorable T. M. Trimble, First Assistant - page 2

or other executive officers in the schools
therein for a term not to exceed three years,
provided that the Board of Trustees of an
independent school district which had a
scholastic population of 5,000 or more in
the last preceding scholastic year may em-
ploy a superintendent, principal, teacher,
or other executive officers in the schools
therein for a term not to exceed five years.
All twelve-month contracts made by trustees
of independent school districts with employ-
ees herein mentioned shall begin on July
first and end on June 30th of the year ter-
minating the contract. Acts 1905, p. 263;
Acts 1923, p. 260; Acts 1930, 41st Leg.,
5th C. S., p. 123, ch. 8, sec. 1." (Under-
scoring ours.)

Under the wording of said Article 2781, it is
clear that the duty of employing an independent school
district superintendent is vested in the district board
of trustees, and that this employment is consummated by
contract. The superintendent's rights are measured solely
by the terms of his contract of employment; the relation-
ship is purely contractual. His position is that of an
employee, resting on the contract of employment, and not
that of a public officer. Mootz v. Belyee, 236 N. W.
358, 75 A. L. R. 1347; Clune v. School District, 166 N. W.
11, 6 A. L. R. 736; Heath v. Johnson, 15 S. E. 980; State
ex rel Lewellen v. Smith, 69 N. W. 114; Attorney General
Opinion No. O-4020. Although these cases deal with the
employment of public school teachers and school principals,
they are submitted as presenting principles of law appli-
cable to the employment of an independent school district
superintendent. A public office is something very dif-
ferent from a public contract. 34 Tex. Jur., p. 324.

We conclude from these authorities that a sup-
erintendent of an independent school district is not an
officer within the meaning of Article XVI, Section 40,
Constitution of Texas.

Honorable T. M. Trimble, First Assistant - page 3

Article 2779, Vernon's Annotated Civil Statutes, reads as follows:

"Said trustees (independent school district trustees) shall meet within twenty days after the election, or as soon thereafter as is possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business. They shall choose from their number a president, and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees. Acts 1905, p. 263." (Underscoring ours.)

Article 2791, Vernon's Annotated Civil Statutes provides, in part, as follows:

"The district tax assessor and collector shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the city marshall of incorporated towns or villages, and he shall receive such compensation for his services as the board of trustees may allow, except in cities or towns provided for, not to exceed four per cent of the whole amount of taxes received by him. He shall give bond in double the estimated amount of taxes coming annually into his hands, payable to and to be approved by the president of the board, conditioned for the faithful discharge of his duties, and that he will pay over to the treasurer of the board all funds coming into his hands by virtue of his office as such assessor and collector . . . Acts 1905, p. 263; Acts 1923, 2nd C. S., p. 76."

Honorable T. M. Trimble, First Assistant - page 4

The above pertinent statutes provide for the appointment of a district tax assessor and collector, fix the official duties to be performed by him as an officer, fix his compensation and likewise provide for an official bond for said officer.

In the case of Fruitt v. Glen Rose Independent School District No. 1, (Comm. App.) 84 S. W. (2d) 1004, it was held that the office of tax collector for an independent school district was one of emolument within the scope of Article XVI, Sec. 40, Constitution of Texas. See also Martin v. Grandview, 266 S. W. 607; Taylor v. Brewster County, 144 S. W. (2d) 314; Attorney General Opinion No. 0-4663 which held that a tax assessor-collector for an independent school district is such an officer as comes within the scope of Article XVI, Sec. 14, Constitution of Texas.

It follows, therefore, that the Constitutional provision relative to double office holding is not applicable.

In view of the foregoing statutes and authorities, it is our opinion that a superintendent of an independent school district may serve legally as the tax assessor-collector for that school district. Thus, we are in accord with a former opinion of the department to the same effect, dated March 26, 1920, and addressed to Miss Annie Webb Blanton, State Superintendent of Public Instruction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

by *Chester E. Ollison*

Chester E. Ollison
Assistant

ld          APPROVED NOV 23, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN